JP:NS

**M12-0370**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JULIO FLORES, JR.,

          Defendant.

- - - - - - - - - - - - - - - - -X

PRE-ARRAIGNMENT
C O M P L A I N T
(21 U.S.C. §§ 952(a)
 and 960)

EASTERN DISTRICT OF NEW YORK, SS:

      GREGORY STEMKOWSKI, being duly sworn, deposes and
states that he is a Special Agent with the United States
Department of Homeland Security, Homeland Security
Investigations ("HSI"), duly appointed according to law and
acting as such.

      Upon information and belief, on or about April 12,
2012, within the Eastern District of New York and elsewhere,
defendant JULIO FLORES, JR., did knowingly, intentionally and
unlawfully import into the United States from a place outside
thereof cocaine, a Schedule II controlled substance.

      (Title 21, United States Code, Sections 952(a) and
960).

      The source of your deponent's information and the
grounds for his belief are as follows:[1]

---

    [1]    Because the purpose of this Complaint is to state only
probable cause to arrest, I have not described all the relevant

1.    On the evening of April 12, 2012, defendant JULIO FLORES, JR., arrived at John F. Kennedy International Airport in Queens, New York, aboard Delta Airlines Flight No. 550 from Santiago, Dominican Republic.

2.    During an examination, a Customs and Border Protection ("CBP") officer noticed that defendant JULIO FLORES, JR., appeared unusually nervous and gave inconsistent answers to routine customs questions.  Specifically, the defendant initially stated that he traveled to the Dominican Republic to visit his father, whom he had not seen in 42 years.  Upon further questioning, the defendant stated that his father lived in Florida, not the Dominican Republic.  The defendant was unable to provide a phone number for his father in the Dominican Republic or Florida.  Investigation revealed that the defendant had obtained his passport on an expedited basis and paid for his airline ticket by cash.

3.    The defendant was presented with an x-ray consent form, which he read, appeared to understand and signed.

4.    The defendant JULIO FLORES, JR., was transported to the medical facility at John F. Kennedy International Airport, where an x-ray was taken of defendant's intestinal tract, which was positive for foreign bodies.  In the early morning hours of April 13, 2012, the defendant passed 2

_____

facts and circumstances of which I am aware.

pellets, which field-tested positive for the presence of cocaine.  The defendant was then placed under arrest.

5.   Defendant JULIO FLORES, JR., will be detained at the JFK medical facility until such time as he has passed all the pellets contained within his intestinal tract.

WHEREFORE, your deponent respectfully requests that defendant JULIO FLORES, JR., be dealt with according to law.

GREGORY STEMKOWSKI
Special Agent
HSI

Sworn to before me this
13th day of April, 2012

S/Pohorelsky

HONORA
UNITED
EASTER

JUDGE
RK